UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ANTHONY DANIEL JOHNSON,

        Petitioner,

v.

JOAN FABIAN,
Commissioner of Corrections,

        Respondent.

Civil No. 05-1440 (JRT/FLN)

REPORT AND RECOMMENDATION

        This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254.  The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed with prejudice.

**I. BACKGROUND**

        In 1998, Petitioner pleaded guilty in the State District Court for Hennepin County, Minnesota, to two counts of second degree unintentional murder.  He was sentenced to two 150-month prison terms, to be served consecutively.

        Petitioner did not challenge his conviction or sentence by direct appeal, or by any other means, until June 5, 2002, when he filed a post-conviction motion in the trial court.  In that motion, Petitioner claimed that his conviction and sentence should be set aside because he received ineffective assistance of counsel during the original trial court proceedings.  Petitioner's post-conviction motion was denied on March 28, 2003, and his subsequent motion for reconsideration was denied on April 26, 2003.  The trial court's denial of Petitioner's post-conviction motion was affirmed by the Minnesota Court of

Appeals on April 27, 2004, and the Minnesota Supreme Court denied his application for further review on July 20, 2004.  Johnson v. State of Minnesota, No. A03-934 (Minn.App. 2004), 2004 WL 885586 (unpublished opinion), rev. denied, July 20, 2004.

On July 19, 2005, Petitioner filed his current federal habeas corpus petition.  He is now claiming (once again) that he was deprived of his constitutional right to effective assistance of counsel at trial.

When this matter first came before this Court for initial review, pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, the Court noted that this action appears to be time-barred, because it was not filed within one year after Petitioner's conviction became final, as required by 28 U.S.C. § 2244(d)(1)(A).[1]  Therefore, the Court ordered Petitioner to "submit a written memorandum and affidavit that (a) explains the full procedural history of his state court proceedings, including the dates when he filed any post-conviction motions and appeals, and (b) shows cause why his petition should not be summarily dismissed pursuant to 28 U.S.C. § 2244(d)."  (Order dated July 20, 2005; [Docket No. 2].)  The Court also warned Petitioner that if he did not file the required submission by August 15, 2005, it would be recommended that his habeas corpus petition be dismissed with prejudice.

---

[1] 28 U.S.C. § 2244(d)(1)(A) provides that --

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...."

The deadline set by the Court's prior order has now passed, and Petitioner has not filed the memorandum and affidavit required by that order. On August 11, 2005, the Court received a letter from Petitioner's current counsel, which reads as follows:

> "I represent the petitioner in this matter, Anthony Johnson. I received the court's order of July 20, 2005, requesting written memorandum regarding the statute of limitations established by 28 U.S.C. § 2244(d). After researching the issue, it appears that Mr. Johnson's petition for a writ of habeas corpus may be time barred. Accordingly, I will not be filing a response to the court order. [ ¶ ] Please feel free to contact me if you have any questions."

(Letter from Attorney Bradford Colbert, dated August 9, 2005; [Docket No. 3].) In light of this letter from Petitioner's counsel, it is now evident that the Court must consider the timeliness of the instant petition without Petitioner's input on the subject.

## II. DISCUSSION

The petition shows that Petitioner was convicted on November 15, 1998. (Petition, [Docket No. 1], p. 1, ¶ 2.) Because Petitioner did not purse a direct appeal, his judgment of conviction became final, for statute of limitation purposes, upon "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] According to the Minnesota Rules of Criminal Procedure, "[a]n appeal by a defendant shall be taken within 90 days after final judgment or entry of the order appealed from in felony and gross misdemeanor cases...." Rule 28.02, subd. 4(3). Thus, the deadline for seeking direct appellate review of Petitioner's conviction and sentence was February 13, 1999, (90 days after entry of his judgment of conviction and sentence), and that is the date when the one-year statute of

---

[2] Clauses (B), (C) or (D) of subsection 2244(d)(1) are not applicable here, because Petitioner has not shown that the state created any impediment that prevented him from pursuing his legal challenges sooner, nor has he shown that his claims are based on any newly-recognized constitutional right or newly-discovered evidence.

3

limitations began to run in this case. The limitation period for seeking federal habeas corpus relief expired one year later on February 13, 2000. However, Petitioner did not file his current petition until July of 2005 -- more than five years after the limitations period had expired.

The Court recognizes that 28 U.S.C. § 2244(d)(2) tolls the running of the statute of limitations during the time when a "properly filed application for State post-conviction" relief is pending in the state courts. The tolling clause cannot save the instant petition, however, because <u>the statute of limitations had already expired before Petitioner filed his state post-conviction motion</u>. The statute expired, (as discussed above), on February 13, 2000, and Petitioner did not file his post-conviction motion until June 2002. While the filing of Petitioner's post-conviction motion may have, in some sense, tolled the statute of limitations, any such tolling was meaningless, because the deadline for seeking federal habeas corpus relief had already expired before the state post-conviction motion was even filed. <u>See</u> <u>Painter v. State of Iowa</u>, 247 F.3d 1255 (8th Cir. 2001) ("by the time [petitioner] filed his state court application [for post-conviction relief]... there was no federal limitations period remaining to toll"); <u>see</u> <u>also</u> <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), <u>cert</u>. <u>denied</u>, 531 U.S. 991 (2000).

For the reasons discussed above, together with Petitioner's implicit admission that his current petition is time-barred, the Court concludes that this action is indeed barred by the one-year statute of limitations imposed by § 2244(d)(1). The Court will therefore recommend that this action be summarily dismissed with prejudice.

### III. RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Docket No. 1), be **DENIED**; and

2. This action be **DISMISSED WITH PREJUDICE**.


Dated: August 24, 2005

                 s/ *Franklin L. Noel*
                 FRANKLIN L. NOEL
                 United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 13, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.